UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KELVIN PETTIGREW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 22-1101-SHM-tmp |
| | ) |
| SHELBY COUNTY CORR. CTR. WARDEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER DISMISSING CASE;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING PETTIGREW OF APPELLATE FILING FEE; AND
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE UNDER §
28 U.S.C. 1915(g)**

Before the Court is the status of *pro se* Plaintiff Kelvin Pettigrew's compliance with the Order that the Court entered on March 30, 2023. (*See* ECF No. 8.)

**I.    BACKGROUND**

On May 20, 2022, Kelvin Pettigrew filed a *pro se* complaint pursuant to 28 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2 (the "IFP Motion")). When Pettigrew filed the complaint, he was confined at the Shelby County Correctional Center (the "SCCC"), in Memphis, Tennessee. (ECF No. 1-2 at PageID 6.) Because the IFP Motion did not include "a current copy of [Pettigrew's] [inmate] trust account statement", the Court entered an Order on May 20, 2022 that directed Pettigrew to comply with 28 U.S.C. § 1915(a)(2) or pay the $402 civil filing fee. (ECF No. 4 at PageID 11-12 (the "May 20 Order").) The Clerk of Court mailed the May 20 Order to Pettigrew at the SCCC. (*Id.*)

On August 4, 2022, the Court entered an Order (1) denying the motion for leave to proceed *in forma pauperis*, (2) dismissing the case without prejudice, and (3) assessing the $402 civil filing

fee because Pettigrew had failed to comply with the May 20 Order. (ECF No. 5 (the "Dismissal Order").) On August 4, 2022, the Court entered judgment. (ECF No. 6 (the "Judgment").)

On August 18, 2022, Pettigrew filed a motion to vacate judgment, to re-instate the case, and to serve summons on all Defendants. (ECF No. 7 (the "Motion").) On March 30, 2023, the Court entered an Order that: (1) granted in part and denied in part the Motion; (2) vacated the Court's (a) August 4, 2022 Order dismissing the case and (b) August 4, 2022 judgment; (3) re-opened the case; (4) directed Pettigrew to file a non-prisoner *in forma pauperis* affidavit or the full amount of the civil filing fee; (5) modified the docket; (6) dismissed the complaint with prejudice in part and without prejudice in part; and (7) granted leave to amend the claims dismissed without prejudice. (ECF No. 8.) The Court's March 30, 2023 Order notified Pettigrew that "[f]ailure to comply with this Order in a timely manner will result in the dismissal of this action without further notice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (*Id*. at PageID 26.)

Pettigrew's deadline to comply with the March 30, 2023 Order was Thursday, April 20, 2023. (*See id*. PageID 39.) Pettigrew has not submitted (1) a non-prisoner IFP affidavit, (2) the civil filing fee, or (3) amended claims. He has not sought an extension of time to do so.

On April 17, 2023, the copy of the Court's March 30, 2023 Order, which the Clerk of Court had mailed to Pettigrew on March 30, 2023, at his address of record at the SCCC (*see* ECF No. 7-2 at PageID 22), was returned as undeliverable. (ECF No. 9 at PageID 41 (envelope addressed to Pettigrew at the SCCC and returned to the Clerk of Court, bearing the notation "Return To Sender – Inmate Discharged 3-14-23").) Pettigrew has not notified the Clerk of Court that Pettigrew has been released. Pettigrew's address of record on the docket is the SCCC. (*See* ECF No. 7-2 at PageID 22.)

**II.   ANALYSIS**

Because Pettigrew has not complied with the Court's March 30, 2023 Order, the Court

DISMISSES this case with prejudice in its entirety for the reasons discussed in the March 30, 2023 Order. *See also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b)[1] "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court") (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999).

For § 1915(g) analysis of Pettigrew's future filings, if any, the Court RECOMMENDS that this dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). Judgment will be entered in accordance with the March 30, 2023 Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Pettigrew would not be taken in good faith. If Pettigrew nevertheless chooses to file a notice of appeal, Pettigrew must either pay the entire $505 appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED, this 3d day of May, 2023.

                                             *Samuel H. Mays, Jr.*
                                             SAMUEL H. MAYS, JR.
                                             UNITED STATES DISTRICT JUDGE

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).